UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SBS TRANSPORT LLC, a Michigan limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CUMMINS INC., an Indiana corporation, doing business as CUMMINS SALES AND SERVICE, <br><br> Defendant. | Case No. 1:24-cv-405-RJJ-PJG <br><br> Hon. Robert J. Jonker |

**DEFENDANT CUMMINS INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS CLASS ALLEGATIONS**

**TABLE OF CONTENTS**

**Page**

**Introduction**.................................................................................................. 1

**Allegations and Proposed Class Definition** ............................................. 2

**Pleading Standard and Fed. R. Civ. P. 23(d)(1)(D).** ..............................3

**Argument**...................................................................................................4

I.    The proposed classes are not ascertainable by objective criteria............................4

II.    Plaintiff has not pleaded any facts plausibly showing it can prove numerosity. 8

III.    Choice of law issues preclude Plaintiff from establishing commonality for its proposed national class. .......................................................................9

IV.    Resolution of the proposed national and Michigan-only class claims based on breach of warranty requires individualized inquiry and proof, which make individual issues predominate over common ones. ........................................................11

V.    Plaintiff's Michigan-only class based on alleged oral misrepresentations also requires individualized proof. ..................................................................... 16

VI.    Class treatment is not a superior means for handling the purported absent class members' claims. .........................................................................................17

**Conclusion**............................................................................................17

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bell v. PNC Nat. Bank Ass'n,*
800 F.3d 360 (7th Cir. 2015)...................................................................................15

*In re Bridgestone/Firestone, Inc.,*
288 F.3d 1012 (7th Cir. 2002) ................................................................................ 10

*Cannon v. GunnAllen Fin., Inc.,*
No. 3:06-0804, 2008 WL 4279858 (M.D. Tenn. Sept. 15, 2008)...............................17

*Carrera v. Bayer Corp.,*
727 F.3d 300 (3d Cir. 2013)...................................................................................... 5

*Clavell v. Midland Funding LLC,*
No. 10-3593, 2011 WL 2462046 (E.D. Pa. June 21, 2011) ......................................... 7

*Cole v. Gen. Motors Corp.,*
484 F.3d 717 (5th Cir. 2007)............................................................................. 10, 11

*Cox House Moving, Inc. v. Ford Motor Co.,*
No. 7:06-1218-HMH, 2006 WL 3230757 (D. S.C. Nov. 6, 2006)..........................9, 15

*Crommelin v. Takeda Pharm. U.S.A., Inc.,*
No. 24-10552-RGS, 2024 WL 4045730 (D. Mass. September 4, 2024) ....................11

*Crosby v. Soc. Sec. Admin. Of U.S.,*
796 F.2d 576 (1st Cir. 1986)...................................................................................... 5

*Cunningham Charter Corp. v. Learjet, Inc.,*
258 F.R.D. 320 (S.D. Ill. 2009) ................................................................................. 8

*Foster v. D.B.S. Collection Agency,*
No. 01-CV-514, 2002 WL 484500 (S.D. Ohio Mar. 26, 2002) ................................... 9

*Georgine v. Amchem Prods., Inc.,*
83 F.3d 610 (3d Cir. 1996)...................................................................................... 10

*Gordon v. Sig Sauer, Inc.,*
No. H-19-585, 2019 WL 4572799 (S.D. Tex. September 20, 2019)............................12

*Hatcher v. Collecto, Inc.,*
No. 1:19-cv-02079-SB, 2021 WL 765759 (D. Del. Feb. 26, 2021)..............................5

*Hayes v. Wal-Mart Stores, Inc.*,
  725 F.3d 349 (3d Cir. 2013) ................................................................................. 5

*Lee v. Samsung Electronics Am., Inc.*,
  No. 4:21-cv-1321, 2022 WL 4663878 (S.D. Tex. September 21, 2022) ......................12

*Parkis v. Arrow Fin. Services, LLS*,
  No. 07-0410, 2008 WL 94798 (N.D. Ill. Jan. 8, 2008) .............................................14

*Phillips v. Philip Morris Companies Inc.*,
  298 F.R.D. 355 (N.D. Ohio 2014) ........................................................................ 16

*Piemonte v. Viking Range, LLC*,
  No. 2:14-cv-00124 (WJM), 2015 WL 519144 (D. N.J. February 9, 2015) ..................14

*Pilgrim v. Universal Health Card, LLC*,
  660 F.3d 943 (6th Cir. 2011) ........................................................................... 4, 10

*Reeb v. Ohio of Rehab. and Correction*,
  81 Fed.Appx. 550 (6th Cir. 2003) ........................................................................ 4

*Riffle v. Convergent Outsourcing, Inc.*,
  311 F.R.D. 677 (M.D. Fla. 2015) ..........................................................................14

*Russ v. Marriott Ownership Resorts, Inc.*,
  No. 4:20-CV-00187-JD, 2023 WL 11963039 (D.S.C. July 13, 2023),
  *reconsideration denied* (D.S.C. Oct. 13, 2023) .........................................................17

*Sanders v. Apple, Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................................................11

*Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*,
  863 F.3d 460 (6th Cir. 2017) ........................................................................... 3, 6

*Sanneman v. Chrysler Corp.*,
  191 F.R.D. 441 (E.D. Pa. 2000) ........................................................................... 8

*Sprague v. Gen. Motors Corp.*,
  133 F.3d 388 (6th Cir. 1998) .............................................................................. 16

*Stout v. J.D. Byrider*,
  228 F.3d 709 (6th Cir. 2000) .............................................................................. 16

*Yadlosky v. Grant Thorton, L.L.P.*,
  197 F.R.D. 292 (E.D. Mich. 2000) ........................................................................12

*Young v. Nat'l Mut. Ins.*,
  693 F.3d 532 (6th 2012) .........................................................................3, 4, 8, 11

**Statutes**

MCL 440.2725 ........................................................................................................... 6

Mich. Comp. Laws Ann. § 600.5861 .................................................................... 10

Michigan Motor Vehicle Service and Repair Act ................................................1, 2, 12, 16

**Other Authorities**

Fed. R. Civ. P. 23(d)(1)(D) ........................................................................1, 2, 3, 4, 6, 11, 18

**Introduction**

A complaint seeking class treatment of its claims must contain more than "magic words."  It must allege facts making the elements of a class action plausible.  Plaintiff's class allegations do not meet that standard and fail as a matter of law, for multiple reasons.

Plaintiff seeks certification of national and Michigan-only classes, based on Cummins' alleged breach of warranty and violation of Michigan's Motor Vehicle Service and Repair Act (through breach of warranty and misrepresentations of fact), respectively.  But, Plaintiff's proposed classes, (both national and Michigan-only) are not ascertainable by objective criteria and are not feasible, as required, because identifying members of Plaintiff's defined classes would require expert, and likely disputed, analysis of each potential class member's claim, just to determine if he or she is a member of the class, defeating the efficiency class treatment seeks.  In addition, Plaintiff's proposed classes are overly broad, including an unknown number of purported class members' whose claims are time-barred.  Identifying those individuals in the class with valid breach of warranty claims will require an individualized inquiry, and individual application of multiple states' statutes of limitations, making Plaintiff's class definitions not administratively feasible.

Regarding Rule 23's express elements, Plaintiff does not allege *any* facts plausibly showing that the alleged wrongful conduct occurred to other consumers either in Michigan or across the nation and certainly not in sufficient numbers to satisfy the numerosity requirement for class treatment.

Plaintiff also cannot show commonality for its proposed national class.  Different States have different statutes of limitations for breach of warranty actions.  Michigan's

1

borrowing statute requires application of the statute of limitation for the state where the claim accrued.  Accordingly, different rules will govern different class members' claims, precluding the existence of common issues.

And, from the face of Plaintiff's complaint it is apparent that resolution of the asserted breach of warranty and oral misrepresentation claims will require, essentially, mini-trials on each purported class member's claim, making individual issues predominate.

Because each of the above defects is evident from the face of Plaintiff's complaint, the Court should strike Plaintiff's class allegations pursuant to Fed. R. Civ. P. 23(d)(1)(D).

### Allegations and Proposed Class Definition

Plaintiff alleges that his two Cummins X15 engines failed and Cummins, after its inspection, told him the failures were caused by excessive dust and dirt in the engines (i.e. "dusting"), which was not covered by the warranties Plaintiff purchased. [ECF No. 35, Plaintiff's Amended Complaint, ¶¶ 2-5.]  Plaintiff contends, however, that subsequent inspections of each engine by independent experts did not support Cummins' warranty denial based on "dusting" because the engines did not show damage to all cylinders, which, according to Plaintiff, would exist if excessive dust entry had been the cause. [*Id*. ¶¶ 64, 89, 91, 92-94.] Plaintiff alleges breach of warranty and violation of Michigan's Motor Vehicle Service and Repair Act.  [*Id*. at 17-19.]  Plaintiff seeks to represent two different classes, one national and one Michigan-only, each with the same, following definition:

> (1) Owners of a Kenworth or Peterbilt tractor trailer with a Cummins an X15 engine that was installed at any time 2016 – present;

2

(2) Which engine has been serviced within the United States by Cummins or a Cummins-authorized provider within the last six years;

(3) Cummins asserted that the engine required repairs or a rebuild due to "dusting" or excessive dirt, dust, and/or debris entering the engine;

(4) Cummins denied coverage under a warranty or extended repair certificate based on "dusting" or excessive dirt, dust, and/or debris entering the engine; and

(5)  the diagnostics provided by the Cummins-authorized provider to Cummins did not note the presence of damage to all cylinders.

[*Id*. at 13-14.]

### **Pleading Standard and Fed. R. Civ. P. 23(d)(1)(D).**

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Young v. Nat'l Mut. Ins.*, 693 F.3d 532, 537 (6th 2012) (quotation omitted).  A proponent of a class action must satisfy all four of Rule 23(a) prerequisites – numerosity, commonality, typicality, and adequate representation – and, here, show that common issues predominate over individual issues and that a class action is superior to individual actions.  *Id*.  In addition, Rule 23(b)(3) classes — like this one – "must also meet an implied ascertainability requirement." *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017).

"Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule" and "[m]eeting the requirements of Rule 23(a) requires something more than mere repetition of the rule's language; there must be an adequate statement of the basic facts to indicate

that each requirement of the rule is fulfilled." *Id.* (quotations and citations omitted). Importantly, a court can determine the permissibility of a class certification based on the pleadings alone. *Reeb v. Ohio of Rehab. and Correction*, 81 Fed.Appx. 550, 555 (6th Cir. 2003).

Further, pursuant to Fed. R. Civ. P. 23(d)(1)(D), a defendant may move at any time to strike class allegations if the face of the complaint reveals that the plaintiff cannot satisfy Rule 23's requirements. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).  But, "[t]o say that a defendant may freely move for resolution of the class-certification question whenever it wishes does not free the district court from the duty of engaging in a 'rigorous analysis' of the question[.]" *Id.*

## Argument

### I.   The proposed classes are not ascertainable by objective criteria.

Class definitions "must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young*, 693 F.3d at 537-38.  "For a class to be sufficiently defined, the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria." *Id.* at 538.

Class definitions are not feasible and identification of class members is not subject to objective criteria where individualized inquiry is necessary to determine class membership, where inclusion in class membership hinges on subjective criteria that can be resolved only through individual mini-trials, and where class membership is left to the individuals members say so, as in this case.

"[C]lass certification will f[l]ounder if the only proof of class membership is the say-so of putative class members or if ascertaining the class requires extensive and

individualized fact-finding." *Hayes v. Wal-Mart Stores, Inc.,* 725 F.3d 349, 353 (3d Cir. 2013). In *Hayes*, the class definition included customers who purchased a "Service Plan" to cover as-is products and excluded customers whose product was covered by a manufacturer's warranty, who obtained service on their product and who had been reimbursed for the cost of the Service Plan. The court found the class was not ascertainable because it required separate factual inquiries into (1) whether a customer purchased the relevant Service Plan; (2) whether the as-is item was of the right category; and (3) whether the purported class member received service on the purchased item or received a refund of the cost of the Service Plan. *See also Hatcher v. Collecto, Inc.*, No. 1:19-cv-02079-SB, 2021 WL 765759 (D. Del. Feb. 26, 2021) (class not ascertainable because an individualized inquiry was needed to determine applicable statutes of limitations); *Crosby v. Soc. Sec. Admin. Of U.S.*, 796 F.2d 576, 580 (1st Cir. 1986) (class not ascertainable where the class was defined as individuals who did not receive a hearing "within a reasonable time"); *Carrera v. Bayer Corp.*, 727 F.3d 300, 309-12 (3d Cir. 2013) (class not ascertainable where it depended on affidavits from the purported class members).

The face of Plaintiff's proposed class definitions make it clear that the purported class members cannot be identified through objective criteria, but such identification requires, at a minimum, subjective, expert analysis of each potential class member's warranty claim (even assuming there is a record for each customer warranty claim involving "dusting" and that such a record can be found – neither of which are alleged in

5

the complaint), which would reduce each claim to a disputed mini-trial just over whether a Cummins customer should be a member of the class or not.[1]

The class definitions are also overly broad.  Plaintiff proposes class of persons or entities that owned a Cummins X15 engine since 2016.  That proposed class is overly broad in at least three ways.  <u>First</u>, it includes individuals who may be the second, third, or fourth owners of the engine and there is nothing alleged in Plaintiff's complaint that would make a Cummins-provided express warranty applicable to such successive owners.  Given that breadth, and even if an original Cummins warranty applied to downstream owners, it may be impossible to align the original warranty with the current owner of an X15 engine.  At a minimum, determination that a downstream engine owner has rights under a Cummin warranty would require individual inspection of documents showing engine ownership over time.  <u>Second</u>, the proposed classes include an unknown number of Cummins engine owners who do not have valid breach of warranty claims.  Owners of Cummins engines in the proposed class period will have different warranties.  Some will have purchased extended warranties, like the plaintiff, others will not.  Engine warranties are limited in their duration by time and/or miles.  *See e.g.* [ECF No. 35 at ¶ 31.]  Thus, some proposed class members' warranties may have expired by the time of any relevant engine failure, while some may not have.  <u>Third</u>, given the 8-year proposed class period, some class members' claims for breach of warranty will be barred by statutes of limitations, some will not.  *See e.g.,* MCL 440.2725 (imposing a four-year statute of

---

[1] The Sixth Circuit has stated that it is unimportant whether the Court recognizes and applies an implied ascertainability requirement or analyzes the issue under Rule 23's "superiority" prerequisite; in both cases the ultimate question is whether the class device is superior to other available methods due to the likely difficulty in managing the class action. *Sandusky Wellness Center, LLC,* 863 F.3d at 472.

limitations on claims for breach of warranty).  Given the definition of Plaintiff's proposed classes, identification of class members who had a relevant Cummins warranty in place at the time of the relevant engine failure (if any) or who can still assert a warranty claim in this action will require intensive, case by case investigation and analysis, making class treatment unfeasible, inefficient, and impractical.  *See Clavell v. Midland Funding LLC*, No. 10-3593, 2011 WL 2462046, at *4 (E.D. Pa. June 21, 2011) ("[W]hether the debt was time-barred is something that we would have to determine for each potential class member. 'If the court is required to conduct individual inquiries to determine whether each potential class member falls within the class, the court should deny certification.'") (quoting *Ramirez v. Palisades Collection, LLC*, 250 F.R.D. 366, 369 (N.D. Ill. 2008)).

Separately, even assuming that each potential class member's warranty and service records can be located, an expert would have to individually review and evaluate every warranty file to determine: (1) whether the service provider evaluated the customer's engine cylinders; (2) whether the service provider gave Cummins the results of any such evaluation; and (3) whether any such evaluation "did not note the presence of damage to all cylinders," which is necessarily an individual, fact-dependent, subjective and contestable issue.  That is, whether the diagnostics within any service record "did not note the presence of damage to all cylinders" can only be determined by an engine expert's examining each service record, each service provider's inquiry, and each service provider's findings, all of which can be disputed.  For example, the facts gathered and provided to Cummins by the service provider may conflict with the service provider's statements regarding cylinder damage.  The actual data may show damage when the provider stated none existed, or the opposite could be true.  Thus, the inquiry to determine whether the diagnostics note or do not note the presence of damage to all cylinders will

7

not only take an extraordinary amount of time, but it creates the potential for disputes in each case regarding whether the record identifies damage to all cylinders or it did not.

In short, there is no easy way through objective criteria or a feasible methodology to identify members of Plaintiff's proposed classes.  Doing so will require significant individual fact-finding just on whether a person is a class member.  In such circumstances, courts have consistently concluded that the class is not sufficiently ascertainable by objective criteria and is not administratively feasible.  *See e.g., Cunningham Charter Corp. v. Learjet, Inc.*, 258 F.R.D. 320, 327 (S.D. Ill. 2009) ("In order to determine whether a Learjet owner with an identical warranty is a class member, the Court would have to first determine whether the owner made a warranty claim that was denied but should have been covered under the plain terms of the warranty . . . This could likely necessitate an individualized trial on the propriety of a warranty claim denial for every Learjet owner just to determine class membership. Other courts have refused to go that route because doing so defeats the purpose of the class mechanism."); *Sanneman v. Chrysler Corp.,* 191 F.R.D. 441, 446 (E.D. Pa. 2000) (collecting relevant cases and explaining that "[b]ecause it would be impossible to definitively identify class members prior to individualized fact-finding and litigation, the proposed classes ... fail to satisfy one of the basic requirements for a class action").  For that reason, alone, Plaintiff's class allegations should be dismissed or stricken.

## II.    Plaintiff has not pleaded any facts plausibly showing it can prove numerosity.

"Numerosity" requires the plaintiff to show that the proposed class is so numerous that joinder of all members is impracticable.  *Young*, 693 F.3d at 541.  "In determining whether joinder is impracticable, the court may consider not only the number of plaintiffs,

8

but also 'judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief[.].'" *Foster v. D.B.S. Collection Agency*, No. 01-CV-514, 2002 WL 484500, at *5 (S.D. Ohio Mar. 26, 2002).

At a minimum, to plead numerosity, Plaintiff needs to plead facts showing that the allegedly wrongful conduct injured more individuals or entities than just the Plaintiff. Plaintiff has not attempted to do so here.  Plaintiff conclusorily alleges that each proposed class "includes more than 50 members."  [ECF No. 35 at 14.] But Plaintiff has not alleged a single fact plausibly indicating that a single other person in Michigan or elsewhere has had the same warranty experience at the root of Plaintiff's claims.  Plaintiff's complaint alleges facts relevant to Plaintiff's individual claims, and alleges that certain tractor-trailer manufacturers have voiced frustration with Cummins' warranty decisions, but Plaintiff nowhere alleges facts plausibly indicating that other costumers have had the same experience as Plaintiff, or that such experiences, if they exist, have occurred on such a wide scale to make class treatment necessary.  Plaintiff alleges facts supporting its individual claims, then repeats the elements for a class action, with nothing more.  There is simply nothing in Plaintiff's complaint – beyond its unsubstantiated statement of the minimum number of class members – to plausibly establish numerosity.  For this reason, alone, Plaintiff's class allegations should be dismissed.

## III.    Choice of law issues preclude Plaintiff from establishing commonality for its proposed national class.

The commonality requirement is not satisfied "unless all litigants are governed by the same legal rules." *Cox House Moving, Inc. v. Ford Motor Co.*, No. 7:06-1218-HMH,

2006 WL 3230757 (D. S.C. Nov. 6, 2006) (citing *In re Bridgestone/Firestone, Inc.,* 288 F.3d 1012, 1015 (7th Cir. 2002)).  "[I]n a class action governed by the laws of multiple states . . . variations in state law may swamp any common issues[.]."  *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007) (quotations omitted).  "The party seeking certification of a nationwide class must therefore provide an extensive analysis of state law variations to reveal whether these pose insuperable obstacles."  *Id.* (quotations omitted).

Plaintiff here seeks certification of a national breach of warranty class.  Warranty laws differ across the country.  For example, some states require that the plaintiff show reliance on the warranty, while others do not.  *See Cole*, 484 F.3d at 726 (collecting cases).  Therefore, the court will need to conduct a choice of law analysis for each of the fifty states in order to adjudicate the purported national class breach of warranty claims.  The Court will also have to apply Michigan's borrowing statute for every state to determine whether a Plaintiff's claim is timely.[2]  Due to such complications, national classes are rarely, if ever, appropriate.  *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 948 (6th Cir. 2011) (citing *In re Bridgestone/Firestone, Inc.,* 288 F.3d at 1018).  Just the tedium of applying the requisite substantive and procedural choice of law analysis to each class member's claim is sufficient, alone, to prevent a showing of commonality.  *See Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 627 (3d Cir. 1996) ("[b]ecause we must apply an individualized choice of law analysis to each plaintiff's claims, the proliferation of disparate factual and legal issues is compounded exponentially.") (citations omitted).  *See*

---

[2] Under Michigan's borrowing statute, "[a]n action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued." Mich. Comp. Laws Ann. § 600.5861.

10

*also In re Bridgestone/Firestone, Inc. Tires Products Liab. Litig.*, 288 F.3d at 1018 ("[b]ecause these claims must be adjudicated under the law of so many jurisdictions a single nationwide class is not manageable.").  This case is no exception.  Application of different States' laws prevent Plaintiff from establishing commonality.

**IV.    Resolution of the proposed national and Michigan-only class claims based on breach of warranty requires individualized inquiry and proof, which make individual issues predominate over common ones.**

"To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof."  *Young*, 693 F.3d at 544.  That is, if individual proof is necessary to resolve class members' claims, the efficiency of the class mechanism is lost and Rule 23(b)'s "predominance" requirement cannot be met.  And that is the case here.

Similar to the above commonality analysis, the choice of law issues here, alone, "defeat predominance."  In *Cole* the Court noted the differences across the county on the elements of a warranty claim and reversed class certification of a national class because the plaintiff "did not sufficiently demonstrate the predominance requirement because they failed both to undertake the required extensive analysis of variations in state law concerning their claims and to consider how those variations impact predominance."  *Cole*, 484 F.3d at 725 (quotation omitted).

The court in *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 982 (N.D. Cal. 2009), granted a motion dismiss/strike national class allegations in a breach of warranty case because of the same choice of law issues, finding it prevented the plaintiff from establishing predominance as a matter of law.  *See also Crommelin v. Takeda Pharm.*

*U.S.A., Inc.*, No. 24-10552-RGS, 2024 WL 4045730, *4 (D. Mass. September 4, 2024) (striking/dismissing breach of warranty national class allegations based on differing state law); *Lee v. Samsung Electronics Am., Inc.*, No. 4:21-cv-1321, 2022 WL 4663878, *7 (S.D. Tex. September 21, 2022) (same); *Gordon v. Sig Sauer, Inc.*, No. H-19-585, 2019 WL 4572799, *21-22 (S.D. Tex. September 20, 2019) (same). *See also Yadlosky v. Grant Thorton, L.L.P.*, 197 F.R.D. 292, 299 (E.D. Mich. 2000) (denying class certification because individual proof for the claims alleged would predominate over any issues common to the putative class, and because certifying the class would require applying a number of different states' laws).

Plaintiff here alleges breach of express warranty and violation of Michigan's Motor Vehicle Service and Repair Act through breach of express warranty and oral misrepresentations of fact. In addition to requiring the analysis and application of the laws from 50 states, both claims require multiple layers of individual proof.

Plaintiff specifically claims that Cummins denied its warranty claim, telling Plaintiff that its engine failed due to "dusting" – excessive dirt in the engine. Plaintiff claims an inspection revealed no evidence of improper maintenance and that its engine failed because of a problem with Cummins' engine components. Proof of Plaintiff's claim cannot prove absent class members' claims. Rather, resolution of each purported class member's claim will require individualized inquiry, making individual issues predominate over any common ones.

First, Cummins and the Court will need to understand the exact nature of Cummins' communication of the warranty denial in each case. The proposed class is comprised of those customers whose warranty claim was denied "based on dusting." But there could have been separate, additional and valid bases for any warranty denial that

12

were also communicated to the purported class member – such as product misuse or any of the other multiple grounds for denial of a warranty claim stated in Plaintiff's warranty. The only way to determine if such additional bases were communicated is to ask each purported absent class member and the only way to determine if such statements were accurate would be to investigate the facts of each absent class member's engine failure and claim.

Second, regardless of any statements to the absent class members regarding the basis for the warranty denial, Plaintiff and each purported class member will still have to show that "dusting" was not the cause of its engine failure, which requires individual analysis and inquiry. Plaintiff appears to allege that this issue is resolved by simply looking at whether the service provider found damage to all engine cylinders.[3] But its own allegations undermine such a position. There is nothing to indicate that a service providers' findings dictate Cummins' warranty conclusions. To the contrary, Plaintiff alleges that Cummins evaluated the diagnostic inspection results for itself before making a warranty decision and that Plaintiff then had its engines inspected by another entity to challenge Cummins' conclusion. That would have to be done for every class claim in this case. Even if a service provider does not indicate damage to all cylinders, Cummins would be entitled to determine if such a finding were accurate or if there is other evidence of "dusting." Each class members' claim would be reduced to a mini-trial on whether "dusting" caused the engine failure or whether the failure was caused by something else.

---

[3] Cummins disputes that damage to all cylinders is required to show failure due to dusting. But since this is a motion to dismiss, it cannot challenge Plaintiff's statement now. Cummins' objection here is limited to Plaintiff's suggestion that the Court can resolve Plaintiff's breach of warranty claim by looking at service records.

Third, individualized inquiry is necessary to determine whether a class member suffered harm. That is, even if Cummins stated "dusting," alone, caused the engine failure and that fact was not true, the absent class still cannot show the fact of harm unless the actual cause of the engine failure was covered. If the actual cause was not covered, then any incorrect statement about "dusting" was immaterial. The only way to find out whether any absent class member suffered harm is for experts to investigate and evaluate the facts of every absent class member's failure in relation to that purported class member's warranty. Such individualized inquiry and analysis mean individual issues will necessarily predominate. *See Piemonte v. Viking Range, LLC*, No. 2:14-cv-00124 (WJM), 2015 WL 519144, *4 (D. N.J. February 9, 2015) (dismissing class action because issues of breach, causation, and harm "are highly individualized. Regarding causation, a fact-finder will need to consider factors such as service history, product life, normal use, installation, and whether a recall repair was performed on each unit.").

Fourth, the facts of each purported class members' claim will have to be investigated to determine if the class member still has a claim or whether the applicable statute of limitations has expired. That will necessitate yet another level of individualized inquiry that makes individual issues predominate over common ones. *See Riffle v. Convergent Outsourcing, Inc.*, 311 F.R.D. 677, 683-84 (M.D. Fla. 2015) (declining to certify a similar proposed class on predominance grounds because determining whether the Delaware limitations period had run for each class member would require the "extensive factual inquiry that courts have held to be too administratively burdensome to warrant class certification" and collecting cases); *Parkis v. Arrow Fin. Services, LLS*, No. 07-0410, 2008 WL 94798, at *4 (N.D. Ill. Jan. 8, 2008) (finding that in "[i]n order to resolve" the question of whether the relevant statutes of limitations had expired, the court

"would have to look into the payment history of each putative class member to determine whether the last payment date or charge-off date was more than five years prior to the filing of the debt-collection suit. Because the payment timing and history will be different for each putative class member, his would involve an individualized inquiry for each potential member. Thus, the commonality requirement is not met.").

Fifth, to determine whether the alleged statements about "dusting" as the cause of engine failure can be attributed to Cummins, the Court will need to understand the position, authority and circumstance under which the Cummins representatives (if they were indeed Cummins representatives) purportedly made those representations.  Service providers making individual engine decisions and exercising their discretion does not establish any kind of pattern that can be adjudicated on a class basis.  *Bell v. PNC Nat. Bank Ass'n*, 800 F.3d 360, 375 (7th Cir. 2015) ("Cases in which low-level managers use their given discretion to make individual decisions without guidance from an overarching company policy do not satisfy commonality because the evidence varies from plaintiff to plaintiff.")

And sixth, damages for each purported class member must be resolved on an individual basis.  While that fact, alone, is typically not sufficient for individual issues to predominate, it is an important factor when other factors also require individual investigation, as is the case here.  *Cox*, WL 3230757 at *8.

For each of the above reasons, resolution of Plaintiff's individual claim will not, and cannot resolve, any absent class member's claim.  In each instance, due to the individualized inquiry needed to prove material elements of the absent class members' claims, resolution of absent class members' claims will reduce to a multitude of mini-trials into the details of each claim. There is simply no way to prove breach of warranty for

15

absent class members based on common evidence and for that reason, alone, Plaintiff's class allegations should be dismissed.

## V.    Plaintiff's Michigan-only class based on alleged oral misrepresentations also requires individualized proof.

In addition to breach of warranty, Plaintiff attempts to assert a claim on behalf of a Michigan-only class, alleging Cummins violated the Michigan Motor Vehicle Service and Repair Act through oral misrepresentations of fact regarding the cause of engine failure and the scope of needed repairs.  [ECF No. 35 at 14.]  Such a claim also requires individual discovery and factual resolution of each purported class members' claim.  Specifically, the only way to resolve such a claim is to understand what Cummins said to each purported class member, the authority that person had, the purported class member's understanding of those statements, and whether the purported class member acted in reliance on them.  Each purported class member's claim is dependent upon facts and circumstances specific to that member.  Plaintiff simply cannot establish through common proof the existence, facts, circumstances and effects of different oral representations made to different people, in different circumstances, at different times, as cases have consistently held.  *See e.g., Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000) (affirming denial of class certification where putative class action claims rested on their individual understanding of the transaction and terms at issue and the agreements at issue for each putative class member); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 398 (6th Cir. 1998) (finding class-wide relief was not appropriate where "each plaintiff's claim depended upon facts and circumstances peculiar to that plaintiff" including, among other things, what representations, whether oral or in writing, had been made to each plaintiff, if any); *Phillips v. Philip Morris Companies Inc.*, 298 F.R.D. 355, 365–66 (N.D.

16

Ohio 2014) (denying class certification in a case asserting class breach of warranty claims because the nature of that claim necessarily requires individualized inquiry and proof); *Russ v. Marriott Ownership Resorts, Inc.*, No. 4:20-CV-00187-JD, 2023 WL 11963039, at *7 (D.S.C. July 13, 2023), *reconsideration denied* (D.S.C. Oct. 13, 2023) (same, explaining that "[p]roof of such alleged warranties is individualized, and each class member would be required to present evidence of the representation on which his or her claim is based.")

### VI.    Class treatment is not a superior means for handling the purported absent class members' claims.

The class mechanism is intended to provide an efficient method for adjudicating claims that may not otherwise be brought due to their size and/or the relative difficulty or expense of proof.  Here, Plaintiff claims damages in excess of $75,000.  There is nothing to indicate that other individual plaintiffs (if any exist) would not bring individual claims, involving such substantial sums.  Given the number of individual issues involved in adjudicating the alleged warranty breaches, leaving any aggrieved individual plaintiffs to bring their owns claims is superior to trying to fit such individual claims into a class action.  *Cannon v. GunnAllen Fin., Inc.,* No. 3:06-0804, 2008 WL 4279858, at *11 (M.D. Tenn. Sept. 15, 2008) ("Where class treatment would result in numerous [] mini-trials, courts have concluded that class treatment is not a superior method of resolving the claims at issue.")

### Conclusion

In sum, each potential class member's claim would involve distinct facts about the potential member's respective purchases, the applicable warranty terms, the usage of

each engine, the purported representations made by Cummins' representatives, the actual cause of each alleged engine failure, and application of different states' laws.

While there are cases for which class action treatment makes sense, this is plainly not such a case. For all the reasons explained above, Cummins requests the Court strike Plaintiff's class allegations pursuant to Fed. R. Civ. P. 23(d)(1)(D).

Dated:  February 24, 2025

Respectfully submitted,

*/s/Alejandra Reichard*
Alejandra Reichard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
P: (317) 236-1313
Alejandra.reichard@btlaw.com

Anthony C. Sallah (P84136)
BARNES & THORNBURG LLP
171 Monroe Ave NW, Suite 1000
Grand Rapids, Michigan 49503
P: (616) 742-3976; F: (616) 742-3999
asallah@btlaw.com

*Attorneys for Cummins Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2025, a copy of the foregoing was served by e-mail to all counsel of record.

*/s/Alejandra Reichard*
*Attorney for Defendant Cummins, Inc.*