UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SBS TRANSPORT LLC, a Michigan limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>CUMMINS INC., an Indiana corporation, doing business as CUMMINS SALES AND SERVICE,<br><br>        Defendant. | Case No. 1:24-cv-405-RJJ-PJG<br><br>Hon. Robert J. Jonker<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT CUMMINS INC.'S MEMORANDUM IN SUPPORT OF
SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................... 2

    I.      Unit 114............................................................................................... 2

    II.    Unit 119.............................................................................................. 3

    III.   The Cummins Limited Warranties .................................................. 4

    IV.   Plaintiff's Expert................................................................................ 5

    V.    The Lawsuit ....................................................................................... 5

    VI.   SBS's Claimed Damages.................................................................... 5

LEGAL STANDARD ............................................................................................................ 6

ARGUMENT.......................................................................................................................... 7

    I.      SBS has not identified any evidence showing that the subject engines deviated from the Cummins Limited Warranties. .......................... 7

    II.    SBS's breach of warranty claim for Unit 119 fails because it did not give Cummins notice of the alleged breach before filing suit. .................... 9

    III.   SBS's warranty claim for Unit 119 fails because Cummins never made any warranty decision on that engine and thus cannot be in breach. ........................................................................................... 10

    IV.   The Cummins' Warranties explicitly exclude liability for Plaintiff's claim for down time and lost profits.......................................................... 10

    V.    Cummins did not violate the MVSRA....................................................... 11

CONCLUSION ...................................................................................................................13

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Admiral Const. & Maint., Inc. v. Volvo Trucks N. Am., Inc.*,
No. 10-13651, 2011 WL 4694853 (E.D. Mich. Oct. 6, 2011), *aff'd sub
nom. Admiral Const. & Maint., Inc. v. Cummins, Inc.*, 527 F. App'x 499
(6th Cir. 2013) ................................................................................. 7, 9

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .................................... 6

*Atl. City Assocs., LLC, v. Carter & Burgess Consultants, Inc.*,
453 Fed.Appx. 174 (3d Cir. 2011) ................................................................ 10

*Atlantech Inc. v. Am. Panel Corp.*,
743 F.3d 287 (1st Cir. 2014) ........................................................................ 10

*Cavalier v. Werner Co.*,
976 F. Supp. 672 (E.D. Mich. 1997) .............................................................. 6

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) .................................... 6

*Coding Prods., Inc. v. Hale Co. of Lower Michigan*,
No. 200406, 1998 WL 1997647 (Mich. Ct. App. Feb. 27, 1998) ................................ 10

*Dietec Co. v. Osirius Grp., LLC*,
No. 2:17-CV-10372, 2017 WL 6039557 (E.D. Mich. Dec. 6, 2017) ........................... 11

*Gorman v. Am. Honda Motor Co.*,
302 Mich. App. 113, 839 N.W.2d 223 (2013) ........................................... 7, 9

*Gregg v. Allen–Bradley Co.*,
801 F.2d 859 (6th Cir.1986) ........................................................................ 6

*Harnden v. Ford Motor Co.*,
408 F. Supp. 2d 315 (E.D. Mich. 2005), *aff'd sub nom. Harnden v.
Jayco, Inc.*, 496 F.3d 579 (6th Cir. 2007) .................................................... 8

*Irvin v. Grand Rapids Pub. Sch.*,
366 F. Supp. 3d 908 (W.D. Mich. 2016) ....................................................... 6

*Johnson v. FCA US LLC*,
721 F. Supp. 3d 554 (E.D. Mich. 2024) ....................................................... 8

*Kyle v. Skipper*,
   No. 1:19-CV-353, 2021 WL 4932390 (W.D. Mich. Sept. 20, 2021), *aff'd,*
   No. 21-1632, 2022 WL 13638333 (6th Cir. Oct. 7, 2022) ............................................. 7

*Midwest Grain Prod. of Illinois, Inc. v. Productization, Inc.,*
   228 F.3d 784 (7th Cir. 2000) ........................................................................8

*Penncro Assocs., Inc. v. Sprint Spectrum, L.P.,*
   499 F.3d 1151 (10th Cir. 2007) ................................................................ 10, 11

*Petroleo Brasileiro, S. A., Petrobras v. Ameropan Oil Corp.,*
   372 F. Supp. 503 (E.D.N.Y. 1974)................................................................11

*S. C. Gray, Inc. v. Ford Motor Co.,*
   286 N.W.2d 34 (Mich. Ct. App. 1979) ........................................................ 10

*Tooker v. BlueJay Sols., Inc.,*
   715 F. Supp. 3d 1022 (W.D. Mich. 2024) ................................................... 6

## Statutes

Mich. Comp. Laws § 257.1336........................................................................12

Mich. Comp. Laws § 440.2313 ................................................................... 7

Mich. Comp. Laws § 440.2607........................................................................ 7, 9

Mich. Comp. Laws § 440.2719 ................................................................... 10

Michigan's Motor Vehicle Service and Repair Act ................................................. *passim*

**INTRODUCTION**

Plaintiff SBS Transport, LLC ("SBS") contends that Cummins breached the limited warranties applicable to two Cummins engines in tractor trailers Plaintiff owns and that Cummins violated Michigan's Motor Vehicle Service and Repair Act ("MVSRA") through that breach of warranty and by making misrepresentations regarding the cause of Plaintiff's engine problems and the repairs needed to fix those problems. Plaintiff seeks to recover the cost of repair, lost profits, and statutory penalties under the MVSRA.

SBS, however, has no evidence of any defect covered by Cummins' limited warranties. Cummins warranted the subject engines against defects in materials or factory workmanship for certain engine components, only. Plaintiff has not offered any evidence that its engine problems stem from any such defect. Therefore, it cannot prove breach as a matter of law. Further, Plaintiff did not provide advanced, reasonable notice of the claimed warranty breach for one of the engines, which independently precludes that breach of warranty claim.

Separately, Cummins' limited warranties expressly disclaim liability for consequential damages, precluding that element of Plaintiff's damages claim.

Finally, the evidence does not support a claim or recovery under the MVSRA under any of Plaintiff's theories.

For each and all of the above reasons, Cummins is entitled to judgment on all of Plaintiff's claims.

## STATEMENT OF UNDISPUTED MATERIAL FACTS[1]

Cummins manufactures and sells power equipment, including diesel engines for tractor trailers. SBS Transport is a transportation business and owns multiple tractor trailers. Two of SBS's tractors trailers that use Cummins X15 engines are at issue in this case: a 2019 Peterbilt 389, ESN 80072948 (the "Unit 114") and a 2020 Peterbilt 389, ESN 80205972 ("Unit 119"). **Ex. A**, Deposition of Marko Franovic ("Franovic Dep.") 39:20-40:20. SBS purchased five-year/500,000-mile Cummins extended coverage for each engine (the "Cummins Limited Warranties"), which were not expired at the time of the engine failures at issue. **Ex. B**, Limited Warranties.

### I.      Unit 114

In August of 2023, Unit 114 exhibited a check-engine alert, causing the driver to take it to a JX Truck Center in Lafayette, Indiana for evaluation. Franovic Dep. 76: 20-24. JX Truck Center observed high crankcase pressure and evidence suggesting debris ingress within the air intake and engine (otherwise known as "dusting" of the engine). Franovic Dep. 78:2-7; 82:18-20. JX Truck Center told SBS that the cause of the failure would not be covered under SBS's Cummins Limited Warranties and recommended an engine overhaul. *Id.* 78:4-17; **Ex. C**, JX Truck Center 8-23 Summary. On September 25, 2023, SBS took Unit 114 to Cummins Grand Rapids for a second opinion. Franovic Dep. 84:14-22.

---

[1] Cummins accepts these facts as undisputed only for purposes of its motion for summary judgment. The facts related to the cause of the two engine failures are disputed but irrelevant to the issues raised by this motion.

Cummins inspected Unit 114 and conducted a dynamometer test (or "dyno" test) to measure the engine's performance metrics, followed by a full engine teardown. Franovic Dep. 85:8-22.

After it's inspection Cummins told SBS that Unit 114's problems, including the observed broken piston ring, were caused by dusting – dirt and debris that had entered the engine from non-Cummins parts – and that, as a result, the Cummins Limited Warranties did not apply. *Id.* 88:23-89:2; **Ex. D**, Deposition of Mark Fitzgerald ("Fitzgerald Dep.") 82:19-83:5.

Cummins provided Plaintiff with estimated repair costs (including certain repairs that were covered by the warranty. **Ex. E**, Charles Merritt Deposition ("Merritt Dep.") 17:10-18:3, **Ex. F**, First Estimate. In response to Plaintiff's cost concerns, Cummins provided Plaintiff with a second, more limited repair estimate. Fitzgerald Dep. 33:10-34:9; **Ex. G**, Revised Estimate. At the time, Cummins explained to SBS that the differences in the estimate were due to an effort to accommodate a "lower cost repair option to get the truck back on the road" per SBS's request, as opposed to a "complete repair for a failure of this nature in accordance with Cummins' service procedures." **Ex. H**, Zimmer Email, Franovic Dep. 93:9-95:16. Ultimately, Plaintiff decided not to have Cummins do any repairs to Unit 114 and it replaced the unit, purchased elsewhere. Franovic Dep. 100:15-101:8.

## II.    Unit 119

On October 29, 2024, during a routine maintenance inspection of Unit 119, JX Truck Center, Grand Rapids identified high crank case pressure in Unit 119. **Ex. I**, JX Truck Center Invoice. JX Truck Center requested that Cummins conduct a dynamometer test of the engine. *Id.*; Franovic Dep. 112:15-113:25. Cummins did so, provided the results

3

to JX Truck Center and returned the truck to JX Truck Center. *Id.*; **Ex. J**, Declaration of Matt Zimmer ("Zimmer Decl.") ¶ 4. Cummins had no other involvement with Unit 119. *Id.* ¶¶ 4-7; **Ex. K**, Cummins Responses to Third Set of Interrogatories, Interrogatory Nos. 2-5. SBS never made a warranty claim to Cummins for Unit 119 and it does not know if JX Truck Center ever did so:

> Q. Did you ever submit a warranty claim for the second engine?
>
> A. Why would I submit it?
>
> Q. I'm just asking if you did.
>
> A. I haven't submitted warranty claim for any engine ever. That's not part that we do. That's part the shops do.
>
> Q. Okay. Shops you said?
>
> A. Yeah.
>
> Q. Do you know if JX Truck Center submitted a warranty claim for the second engine?
>
> A. I—I do not, neither do I care.

Franovic Dep. 115:16-25. SBS's corporate representative also testified he did not know whether Cummins had ever discussed the warranty for Unit 119 with SBS. *Id.* 116:21-117:2. Cummins never received, and therefore never denied, a warranty claim for Unit 119. Ex. J, Zimmer Decl. ¶ 7. It also did not conduct any diagnostic analysis beyond running the dyno test. *Id.* ¶¶ 4-5.

### III.   The Cummins Limited Warranties

The Cummins Limited Warranties covered failures that resulted, under normal use and service, from a defect in Cummins material or factory workmanship, only. Ex. B, Limited Warranties, CUMMINS_03. The warranties disclaimed the implied warranty of merchantability and any other potential warranties. *Id.* CUMMINS_04-05. Their terms

provided Plaintiff its exclusive remedy for any covered warranted failures. *Id.*, CUMMINS_03-05. The Cummins Limited Warranties expressly disclaimed liability for consequential or incidental damages. *Id.*, CUMMINS_04-05.

## IV.    Plaintiff's Expert

SBS disclosed one liability expert, Connor Burt, who opines that neither Unit 114 nor 119 failed due to "dusting." **Ex. L**, Connor Burt Expert Report at 2-5. He does not offer any opinion regarding the cause of Unit 114's issues. *See generally, id.*

Mr. Burt opines Unit 119 failed because coolant leaked from the EGR cooler into the engine cylinders, but, as with Unit 114, he does not identify a defect in "Cummins' material or factory workmanship" as the cause of that coolant leak. *Id.* at 5.

## V.    The Lawsuit

Plaintiff asserts two claims for both Unit 114 and Unit 119.[2] SBS contends Cummins breached the Cummins Limited Warranties and seeks repair and replacement costs along with consequential damages such as downtime and lost profits. ECF No. 35, at PageID.214, ¶ 121-125. SBS also alleges Cummins violated the MVSRA by misrepresenting the cause of its engine problems and the repairs needed to fix the engines' problems, and by breaching the Cummins Limited Warranties. *Id.* at PageID.213, ¶ 109-120.

## VI.    SBS's Claimed Damages

Plaintiff summarized its purported damages as follows: "[SBS'] damages consist of the cost of diagnostics, repairs to, and replacement of [the First Engine], totaling $36,057.76; the costs of repairing [the Second Engine], totaling $19,641.06; and lost profits during the periods in which Plaintiff's X15-equipped tractors were inoperable,

---

[2] Plaintiff's Complaint also alleges class claims. The Court set a separate deadline for addressing class issues. This motion is limited to the individual claims.

totaling $123,593 for [the First Engine] and $117,977 for [the Second Engine]." **Ex. M**, Plaintiff's Response to Interrogatory Nos. 1-2; Franovic Dep. 138:4-139:2.

Plaintiff also seeks doubling of its claimed damages for "willful" violations of the MVRSA and attorney fees under the same statute. *Id.*; *see also* ECF No. 35, at PageID.214-15.

## LEGAL STANDARD

Summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Tooker v. BlueJay Sols., Inc.*, 715 F. Supp. 3d 1022, 1027 (W.D. Mich. 2024). A genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* And a fact is "material" only if it "will affect the outcome of the lawsuit." *Irvin v. Grand Rapids Pub. Sch.*, 366 F. Supp. 3d 908, 917 (W.D. Mich. 2016).

SBS bears the burden of demonstrating the absence of all genuine issues of material fact. See *Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Cavalier v. Werner Co.*, 976 F. Supp. 672, 674 (E.D. Mich. 1997).

To create a genuine issue of material fact, the non-movant must do more than present some evidence on a disputed issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) ("There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for

6

that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted); *see also Kyle v. Skipper*, No. 1:19-CV-353, 2021 WL 4932390, at *1 (W.D. Mich. Sept. 20, 2021), *aff'd,* No. 21-1632, 2022 WL 13638333 (6th Cir. Oct. 7, 2022).

## ARGUMENT

### I.   SBS has not identified any evidence showing that the subject engines deviated from the Cummins Limited Warranties.

SBS's breach of warranty claims fail as a matter of law for both Unit 114 and Unit 119 because SBS has no evidence that either engine did not conform to the terms in the Cummins Limited Warranties.

To succeed on a breach of express warranty claim, like SBS asserts here, the plaintiff must, at a minimum, show that the product, here Unit 114 and Unit 119, "did not conform to the warranties at the time of sale or within the time period covered by the warranties[.]" *Admiral Const. & Maint., Inc. v. Volvo Trucks N. Am., Inc.*, No. 10-13651, 2011 WL 4694853, at *4 (E.D. Mich. Oct. 6, 2011), *aff'd sub nom. Admiral Const. & Maint., Inc. v. Cummins, Inc.*, 527 F. App'x 499 (6th Cir. 2013) *citing to* Mich. Comp. Laws §§ 440.2313; 440.2607(3); *Gorman v. Am. Honda Motor Co.*, 302 Mich. App. 113, 117, 839 N.W.2d 223, 226 (2013) (Plaintiff bears "the burden of establishing that defendants breached the written limited warranty.").

Cummins warranted only that its engines would not exhibit defects from Cummins materials or factory workmanship. Ex. B at CUMMINS_03 ("This Plan covers failures of the following Engine components which result, under normal use and service, from effects in Cummins material or factory workmanship".)

Thus, to show nonconformity with that warranty, and to survive summary judgment, SBS must present evidence that Unit 114 and Unit 119 exhibited such defects for covered engine components. *See e.g.*, *Harnden v. Ford Motor Co.*, 408 F. Supp. 2d 315, 320–21 (E.D. Mich. 2005), *aff'd sub nom. Harnden v. Jayco, Inc.*, 496 F.3d 579 (6th Cir. 2007) (granting summary judgment where no genuine issue of material fact exists as to whether defendant has breached its express limited warranty because there was "no evidence of a substantial defect in the material and workmanship of Jayco-manufactured parts or structure in Plaintiff's RV."); *Johnson v. FCA US LLC*, 721 F. Supp. 3d 554, 560 (E.D. Mich. 2024) (granting summary judgment for defendant that warranted its product against defects in materials because the plaintiff did not present evidence in the quality of the actual substances used to make the product); *Midwest Grain Prod. of Illinois, Inc. v. Productization, Inc.*, 228 F.3d 784 (7th Cir. 2000) (same).

Plaintiff, however, has not offered any such evidence. SBS's expert has not offered any opinion regarding the cause of Unit 114's failure, other than it was not dusted. *See generally* Ex. L, Burt Report. Plaintiff's corporate representative testified that Unit 114 failed because of a broken piston ring, but could not identify the cause of that failure and could not point to any evidence that the failure was a result of Cummins' material or factory workmanship. Franovic Dep. 97:13 -100:14.

Similarly, Plaintiff's expert opines that coolant leaking into the engine's cylinders caused Unit 119 to fail, but he does not attempt to identify the cause of that coolant leak, much less identify defects in materials or workmanship as its cause. Ex. L, Burt Report at 3-5. Plaintiff's representative again identified a broken piston ring as the cause for Unit 119's failure but, again, did not offer any evidence showing the ring failed because of defective materials or workmanship. Franovic Dep. 118:9-18.

At root, Plaintiff's evidence, taken as true, shows that something other than dusting caused Units 114 and 119 to fail. But that does not prove non-conformity to or breach of the Cummins Limited Warranties. As the above-cited case establish, Plaintiff must present some evidence that the subject engines failed because of conditions Cummins warranted against – defective material and factory workmanship. Plaintiff has no such evidence. That means it has no evidence that the current facts implicate the Cummins Limited Warranties.

Without sufficient evidence of a defect that renders the engine nonconforming to the Cummins Warranties, Cummins is entitled to summary judgment on Plaintiff's express warranty claims. *Admiral Const. & Maint., Inc.,* 2011 WL 4694853, at \*5.

## II.    SBS's breach of warranty claims for Unit 119 fails because it did not give Cummins notice of the alleged breach before filing suit.

Reasonably prompt notice of the alleged breach is a prerequisite to bringing suit for breach of an express warranty. *Admiral Const. & Maint., Inc.*, 2011 WL 4694853, at \*5. MCL 440.2607(3)(a) provides: "[w]here a tender has been accepted ... the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy [.]"

Summary judgment should be entered for the defendant where no such notice is provided prior to filing suit. *Gorman*, 839 N.W.2d at 229-30.

Here, prior to filing suit, Plaintiff did not provide Cummins any notice that it believed Cummins had breached the Cummins Limited Warranties for Unit 119. Ex. J, Decl. Matt Zimmer ¶ 7; Ex. K, Cummins Responses to Third Set of Interrogatories Nos. 2-5. Plaintiff's failure to provide such advance notice bars its breach of warranty claims

as a matter of law. For this independent reason, judgment should be entered in Cummins' favor on those claims.

### III.   SBS's warranty claim for Unit 119 fails because Cummins never made any warranty decision on that engine and thus cannot be in breach.

Cummins' only involvement with Unit 119 prior to Plaintiff's asserting a claim for Unit 119 was to conduct dyno test and forward the test results to JX Truck Center. Ex. J, Zimmer Decl. ¶¶ 4-7. Cummins had no other involvement with Unit 119 until it was included in this suit. *Id*. Because Cummins never received a warranty claim, it never denied such a claim. *Id*. Without a warranty denial, there cannot be a breach. Plaintiff's warranty claim for Unit 119 fails as a matter of law.

### IV.   The Cummins' Warranties explicitly exclude liability for Plaintiff's claim for down time and lost profits.

The Cummins Limited Warranties exclude Cummins' liability for consequential damages, including "downtime" expenses, cargo damages, fines, passenger delays, all applicable taxes all business costs and other losses resulting from a Covered Failure." Ex. L at 4-5. Such limitations are enforceable. See Mich. Comp. Laws § 440.2719 and *Coding Prods., Inc. v. Hale Co. of Lower Michigan*, No. 200406, 1998 WL 1997647, at *3 (Mich. Ct. App. Feb. 27, 1998).

Consequential damages are those "beyond the immediate scope of the contract." *Penncro Assocs., Inc. v. Sprint Spectrum, L.P.*, 499 F.3d 1151, 1156 (10th Cir. 2007) (emphasis added). *See also Atlantech Inc. v. Am. Panel Corp.*, 743 F.3d 287, 293 (1st Cir. 2014) (quoting *Penncro* with approval); *Atl. City Assocs., LLC, v. Carter & Burgess Consultants, Inc.*, 453 Fed.Appx. 174, 179 (3d Cir. 2011) (quoting *Penncro* with approval); *S. C. Gray, Inc. v. Ford Motor Co.*, 286 N.W.2d 34, 43 (Mich. Ct. App. 1979).

According to the Michigan Court of Appeals, "'consequential damages do not arise within the scope of the immediate buyer-seller transaction, but rather stem from losses incurred by the nonbreaching party in its dealings, often with third parties[.]' ") (quoting *Petroleo Brasileiro, S. A., Petrobras v. Ameropan Oil Corp.*, 372 F. Supp. 503, 508 (E.D.N.Y. 1974)).

Stated alternatively, "it has also been said that direct damages are those that a reasonable contracting party would expect to result from his breach even without knowledge of special circumstances; in contrast, consequential damages are those that the reasonable contracting party can expect only with knowledge of special circumstances." *Dietec Co. v. Osirius Grp., LLC*, No. 2:17-CV-10372, 2017 WL 6039557, at *6 (E.D. Mich. Dec. 6, 2017).

Simply, where a plaintiff contends that a breach prevented the plaintiff "from performing *other* work for which it had contracted and from which it expected to make a profit" it seeks consequential damages. *Penncro Assocs.*, 499 F.3d at 1156 (emphasis added).

Here, SBS seeks to recover from Cummins profits it contends Cummins' alleged breach prevented it from making on other contracts. Those sought damages are consequential damages, expressly precluded by the enforceable disclaimer in the Cummins Limited Warranties. Therefore, under no circumstance can Plaintiff recover its sought lost profits damages.

## V.    Cummins did not violate the MVSRA.

Plaintiff also claims Cummins violated the MVSRA by "making an untrue or misleading statement of a material fact," "failing to reveal a material fact to a customer that the customer could not reasonably know if that omission tends to mislead or deceive

11

the customer," "representing that repairs are necessary when in fact they are not", and "failing to honor an express warranty." ECF No. 35, PageID.213, ¶¶ 114-117, 120. Each of those claims fails.

*First*, as explained above, Plaintiff's breach of warranty claims fail as a matter of law for both Unit 114 and Unit 119. Thus, that allegation cannot support its claims under the MVSRA for either engine.

*Second*, Cummins did not inspect Unit 119, did not receive a warranty claim for Unit 119, did not discuss Unit 119 with SBS at all and thus did not make any representations or statements of any kind to SBS. Ex. J, Zimmer Decl. ¶¶ 4-7. As a result, Cummins could not make – and did not make – any untrue or misleading statements or omissions or to make any false statements of needed repairs regarding Unit 119. Plaintiff's MVSRA has no claim of any sort for Unit 119.

*Third*, no statements from Cummins regarding Unit 114 caused Plaintiff any damages, a requirement for a valid MVSRA. MCL 257.1336 ("A facility that violates this act is liable as provided in this act, ***to a person that suffers damage or injury as a result of that violation***, in an amount equal to the damages plus reasonable attorney fees and costs."). Cummins told SBS that its engine was dusted and needed certain repairs. Franovic Dep. 88:23-89:2; Fitzgerald Dep. 82:19-83:5; Merritt Dep. 17:10-18:3.

Plaintiff, however, did not take any detrimental action in response to any such statements. It rejected Cummins' proposed repairs, it did not believe its engine was dusted, and it had someone other than Cummins inspect and repair Unit 114. Franovic Dep. 100:15-101:8. Thus, it cannot claim anything Cummins said or did regarding Unit 114 harmed it. SBS's only claimed harm is that Cummins did not cover the

12

repair/replacement costs for Unit 114 under the Cummins Warranties, which cannot give rise to a claim, as addressed above.

*Finally*, Plaintiff cannot recover double damages under the MVSRA under any circumstance. To receive such damages, Plaintiff must show that Cummins (1) violated the MVSRA; (2) willfully.  There is nothing raising an inference that Cummins willfully did anything wrong. The evidence shows that Cummins inspected Unit 114, concluded it had been dusted, and recommended two repair plans. Even if its diagnosis was incorrect (and it wasn't) or its repair plan wrong (it wasn't), there is no evidence even hinting that Cummins made any such incorrect statements or recommendations willfully. As a result, there is no evidence supporting Plaintiff's claim for double damages under the MVRSA. Cummins is entitled to summary judgment on all aspects of Plaintiff's MVRSA claims.

## CONCLUSION

For all of these reasons, the Court should grant summary judgment to Cummins on all claims and dismiss SBS's lawsuit with prejudice.

13

Dated:  January 26, 2026

Respectfully submitted,

*/s/ Alejandra Reichard*

Alejandra Reichard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
P: (317) 236-1313
Alejandra.reichard@btlaw.com

Anthony C. Sallah (P84136)
BARNES & THORNBURG LLP
171 Monroe Ave NW, Suite 1000
Grand Rapids, Michigan 49503
P: (616) 742-3976; F: (616) 742-3999
asallah@btlaw.com

*Attorneys for Cummins Inc.*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 26, 2026, a copy of the foregoing was served via ECF to all counsel of record.

/s/Alejandra Reichard

*Attorney for Defendant Cummins, Inc.*

15